WILLIAM H. THOMAS (ISB 3154)
THOMAS, WILLIAMS & PARK, LLP
121 N. 9th St., Ste. 300
P.O. Box 1776
Boise, ID  83701-1776
Telephone:  (208) 345-7800
Fax:  (208) 345-7894
wmthomas@thomaswilliamslaw.com

**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT FOR THE STATE OF IDAHO

| | |
|---|---|
| MICHAEL L. JOHNSON, )<br><br>                          Plaintiff, )<br>    vs. )<br><br>LOWE'S HIW, INC., a Washington )<br>corporation, )<br><br>                          Defendant. )<br>_____ ) | Case No. _____<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff Michael L. Johnson, for his complaint against Defendant, claims and alleges as

follows:

### INTRODUCTION

1.      This action is brought by a former employee of the above-named Defendant

Lowe's HIW, Inc. ("Defendant" or "Lowe's"), Michael L. Johnson ("Plaintiff"), who has been

subjected to Lowe's violation of the Family Medical Leave Act 29 U.S.C. § 2601, *et seq.*

("FMLA").  The FMLA provides job security to employees who must be absent from work

COMPLAINT WITH JURY DEMAND, P. 1

because of their own illnesses, to care for family members who are ill or to care for new babies. Congress recognized that, in an age when all the adults in many families are in the work force, employers' leave policies often do not permit employees to balance reasonably their family obligations and their work life. As for the employees' own serious health conditions, Congress found that employees' lack of job security during serious illnesses that required them to miss work is particularly devastating. As Congress concluded, "it is unfair for an employee to be terminated when he or she is struck with a serious illness and is not capable of working." *Congress S. Rep. No. 103-3 at 11-12., 103d Cong., 2d Sess. (1993).* In response to these problems, the FMLA entitles covered employees up to twelve weeks of leave each year for their own serious illnesses or to care for family members and guarantees them reinstatement after exercising their leave rights. Plaintiff alleges that he was fired from his employment with Defendant when it interfered with and prevented Plaintiff from taking FMLA leave for his serious medical condition.

2.      Plaintiff also alleges that his termination is in violation of the public policy established by Idaho Code. Plaintiff's termination was wrongful. This action seeks to end Defendant's wrongful practices and to provide monetary relief, including punitive damages.

## JURISDICTION AND VENUE

3.      This action arises under 29 U.S.C. § 2601, *et seq.,* 29 U.S.C. § 2617 and 28 U.S.C. § 1331. The Court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367. The acts alleged in this Complaint occurred in Canyon County, Idaho, and gave rise to the claims alleged. The employment practices alleged to be unlawful were committed

COMPLAINT WITH JURY DEMAND, P. 2

within this jurisdiction, and venue is proper in the Southern Division of the District of Idaho pursuant to 28 U.S.C. § 1391(a)(3) and under D.Id.L.Civ.R. 3.1.

## PARTIES

4.     Plaintiff Michael L. Johnson resides in Canyon County, Idaho, and was employed by Defendant from August 15, 2004 until July 30, 2010, as a delivery driver.

5.     Defendant Lowe's HIW, Inc. is a Washington corporation located at 101 Andover Park E. Ste. 200, Tuckwila, Washington 98188. Lowe's HIW, Inc. is registered to and is doing business in the State of Idaho.

## PLAINTIFF'S FACTUAL ALLEGATIONS

6.     On or about Saturday, July 10, 2010, Plaintiff was delivering a refrigerator to a Lowe's customer in the normal course of his duties with Lowe's. During the delivery the refrigerator fell on Plaintiff, injuring his left leg.

7.     Plaintiff went to work on Sunday, July 11, 2010.

8.     Plaintiff was not scheduled to work on July 12 or July 13, 2010.

9.     Early on the morning of July 13, 2010, Plaintiff was experiencing extreme pain in his leg. Since Plaintiff had the day off, Plaintiff took a Norco pain pill, the last remaining from a prescription he had been given in April 2007 for kidney stones.

10.     Later on July 13, 2010, Plaintiff's son drove him to Defendant's Nampa store to complete his Idaho Workers' Compensation application.

11.     While at the Defendant's Nampa store, Plaintiff spoke with his supervisor, Gerald Cote ("Cote"), and described his medical condition. Cote gave Plaintiff the necessary paperwork to seek medical treatment. Cote also requested that Plaintiff take a post-accident drug test.

COMPLAINT WITH JURY DEMAND, P. 3

Plaintiff told Cote that he had just taken a Norco pain pill and told Cote that he would test positive for that drug.

12.     Later on July 13, 2010, Plaintiff sought medical treatment to evaluate his medical condition.  Plaintiff was diagnosed with a "deep quad contusion."

13.     Plaintiff's physician prescribed Relafen and Norco as part of Plaintiff's treatment for Plaintiff's medical condition.

14.     Plaintiff's physician also ordered Plaintiff be placed on light duty for at least a week and advised Plaintiff that Plaintiff should return for further treatment as necessary.

15.     On or about July 20, 2010, Plaintiff returned to his physician for a follow-up examination.

16.     Because of his on-the-job-injury, course of prescribed medication and on-going medical treatment, Plaintiff was incapacitated and unable to perform his regularly assigned duties.

17.     On or about July 20, 2010, Plaintiff's physician released him to return to work.

18.     At all times during Plaintiff's incapacity, Plaintiff's supervisors and Defendant's human resource employees had direct knowledge that Plaintiff's physician had prescribed Norco for his on-the-job injury.

19.     After returning to full duty, Defendant's human resource manager at the Nampa store, Andy Belanger ("Belanger"), on or about July 22, 2010, notified Plaintiff that his drug test was still pending.

20.     Plaintiff again provided Belanger with the information he had first given to Plaintiff's supervisors.  Plaintiff explained that, on his day off following his on-the-job injury and

COMPLAINT WITH JURY DEMAND, P. 4

in order to relieve the pain, he had taken the one remaining Norco from a prior prescription. Plaintiff explained that he had told Cote that he would test positive for the prescription drug and that he had thrown the bottle away. Plaintiff also explained to Belanger that his physician had prescribed Norco for him on July 13, 2010. Plaintiff provided Belanger with a bottle with the exact prescription that had been prescribed for his wife to demonstrate the nature of the medication he had taken.

21.     On or about July 28, 2010, Belanger told Plaintiff that Defendant needed proof that Plaintiff had been prescribed Norco on the prior occasion. In response, Plaintiff went to his health care provider and requested proof of the prescription. The proof was provided to Plaintiff on or about July 29, 2010, who immediately gave it to Belanger.

22.     On or about July 29, 2010, Belanger told Plaintiff he could not return to work but was told that he had to meet with the store manager, Sean Park ("Park") and Wyatt Welsh.

23.     On or about July 30, 2010, Park fired Plaintiff. Park fired Plaintiff for failing a drug test.

24.     At the time Park fired Plaintiff, Plaintiff had over 200 hours of Lowe's sick time available.

25.     At no time did any of the Lowe's supervisors or human resource manager offer Family and Medical Leave Act benefits to Plaintiff.

26.     Instead of offering FMLA benefits to Plaintiff, knowing he was on a prescription medication for his on-the-job injury, Lowe's fired Plaintiff.

## FIRST CLAIM FOR RELIEF

### Violation of the Family Medical Leave Act

27.     Plaintiff realleges paragraphs 1 through 26 above.

28.     Under the FMLA, Lowe's is a "covered" employer in that it is engaged in commerce or in an industry or activity affecting commerce, which employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding year.

29.     Under the FMLA, Plaintiff is an "eligible employee" in that, prior to being fired by Lowe's, he had been employed by Lowe's for at least 12 months and had been employed for at least 1,250 hours of service in the 12-month period before being fired.

30.     As a result of Plaintiff's July 10, 2010, on-the-job injury, Plaintiff incurred a serious health condition that made Plaintiff unable to perform the functions of his job at Lowe's.

31.     As a result of Plaintiff's July 10, 2010, on-the-job injury and subsequent serious health condition, Plaintiff underwent a regimen of continuing treatment by a health care provider for a period of incapacity lasting more than three consecutive calendar days.

32.     Under the FMLA, Plaintiff provided Lowe's with sufficient and appropriate notice that Plaintiff was undergoing a regimen of prescription drug treatment for his serious health condition.

33.     Lowe's failed to take any measures required under the FMLA to provide Plaintiff with any FMLA leave to which Plaintiff was entitled.

34.     Under the circumstances of Plaintiff's unforeseen, on-the-job injury, Plaintiff need not obtain the prior approval of Lowe's to take FMLA leave.

35.     The notice Plaintiff provided to Lowe's was sufficient to make Plaintiff's supervisors and Lowe's human resource manager aware that he needed FMLA-qualifying leave. He provided all the necessary information required under the FMLA.

36.     Lowe's supervisors and/or Lowe's human resource manager took no action to provide Plaintiff with the requested FMLA leave.

37.     Lowe's interfered with Plaintiff's exercise of Plaintiff's rights that were protected under the FMLA.

38.     Lowe's prevented Plaintiff from taking his FMLA leave and exercising Plaintiff's rights under the FMLA.

39.     As a direct and proximate result of Lowe's violations of the FMLA, plaintiff suffered damages.

40.     Lowe's violations of the FMLA was willful and Lowe's is liable to Plaintiff for liquidated damages.

## SECOND CLAIM FOR RELIEF

### (Wrongful Termination in Violation of Public Policy)

41.     Plaintiff incorporates paragraphs 1 through 40 above.

42.     Idaho Code, sections 72-101, *et seq.,* embodies fundamental public policy in the State of Idaho.

43.     Lowe's fired Plaintiff from his employment because he filed for worker's compensation benefits under Idaho Code sections 72-101, *et seq.*

44.     Lowe's termination of Plaintiff's employment and other adverse actions were violations of fundamental Idaho public policy.

COMPLAINT WITH JURY DEMAND, P. 7

45.     Lowe's termination of Plaintiff's employment and other adverse actions taken against Plaintiff were the legal cause of Plaintiff's damages.

### THIRD CLAIM FOR RELIEF

#### Intentional/Negligent Infliction of Emotional Distress

46.     Plaintiff incorporates by reference the allegations contained in all preceding paragraphs.

47.     The actions of Lowe's supervisors and human resource manager as described in this Complaint were negligent, intentional and reckless.

48.     Lowe's managers' and human resource manager's conduct toward Plaintiff was extreme and outrageous.

49.     As a direct and proximate result of Lowe's supervisors' and human resource manager's negligent, intentional, reckless,  extreme, and outrageous conduct toward Plaintiff, Plaintiff suffered severe emotional distress for which he is entitled to recovery.

50.     As a direct and proximate result of the acts of Lowe's supervisors and human resource manager, Plaintiff suffered past and future lost wages, severe mental anguish, physical discomfort, and other damages mental, physical and emotional.

### ATTORNEY FEES

51.     As a result of the injuries suffered by Plaintiff, Plaintiff was required to obtain legal counsel and is entitled to recover his reasonable attorney fees pursuant to Idaho Code §§ 12-120 and 12-121, and 29 U.S.C. § 2617.

COMPLAINT WITH JURY DEMAND, P. 8

## RELIEF ALLEGATIONS

54.     The actions on the part of Defendant have caused and will continue to cause

Plaintiff substantial losses in earnings, promotional opportunities and other employment benefits,

and have caused Plaintiff monetary damages, including back pay (plus interest or an appropriate

inflation factor and an enhancement to offset any adverse tax consequences associated with lump

sum receipt of back pay), front pay, benefits, and all other damages owed to plaintiff, in an

amount to be proven at trial, and Plaintiff has suffered past, present and future pain, suffering,

mental anguish, emotional distress, humiliation, permanent mental and emotional disability, and

loss of enjoyment of life; past, present and future medical, hospital, therapeutic, and related

expenses for treatment of psychological injuries; and, additional injuries and damages yet

unknown which may be subsequently proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

1.      That judgment be entered in favor of Plaintiff and against Lowe's for reasonable

monetary damages, including back pay (plus interest or an appropriate inflation factor and an

enhancement to offset any adverse tax consequences associated with lump sum receipt of back

pay), front pay, benefits, liquidated and all other damages owed to plaintiff, in an amount to be

proven at trial;

2.      That judgment be entered in favor of Plaintiff and against Lowe's for damages in

amounts to be proven with particularity at trial for Plaintiff's past, present and future pain,

suffering, mental anguish, emotional distress, humiliation, permanent mental and emotional

disability, and loss of enjoyment of life; past, present and future medical, hospital, therapeutic,

COMPLAINT WITH JURY DEMAND, P. 9

and related expenses for treatment of psychological injuries; and, additional injuries and damages yet unknown which may be subsequently proven at trial;

3.    That Plaintiff be awarded costs including, but not limited to, attorney fees, experts' fees and other costs and expenses of this litigation pursuant to 29 U.S.C. § 2617(a)(3) and pursuant to Idaho Code §§ 12-120, 12-121; and Idaho Rules of Civil Procedure, Rule 54;

4.    For prejudgment interest to the extent permitted by law;

5.    For costs and expenses of suit incurred herein, including reasonable attorney fees to the extent available by law; and

6.    For such other and further legal and equitable relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL CLAIMS SO TRIABLE.**

DATED this _1st_ day of December, 2010.

THOMAS, WILLIAMS & PARK, LLP

William H. Thomas
Attorney for Plaintiff

COMPLAINT WITH JURY DEMAND, P. 10